SAVOY, Judge.
This matter is on appeal by defendant from a judgment of the district court awarding plaintiff alimony in the sum of $25 per month for the support of a major child, an interdict, born of the union between plaintiff and defendant. ■
Plaintiff answered the appeal asking that the award be increased from $25 to $75 per month.
The facts are that plaintiff and defendant were married to each other on September 1, 1919, and that of this union Joseph E. Johnson, an interdict, was born on October 12, 1920. In 1933 the parties were divorced and plaintiff was given the custody of said child, and during the same year, the said Joseph E. Johnson was seriously injured in an automobile accident, and as a consequence thereof his mental abilities and capacities were seriously affected and he was interdicted by judgment of court of the District Court of the Parish of Caddo. Plaintiff is asking for support under the provisions of Article 229 of the LSA-Civil Code, which reads as follows:
"Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal.
“They are also bound to render reciprocally all the services which their situation can require, if they should become insane.”
Defendant takes the position that since there are mental institutions in this state able and willing to take care of the interdict, that it is not the duty of defendant to support said child.
We agree with the trial judge that under LSA-C.C. Art. 229 that the support of the child is the primary duty of the par *780 ents and this burden should not fall on the state. • ■
As pointed out by counsel for appellee in his brief under the provisions of LSA-R. S. 28:143, if financially able, the patient or his legally responsible relative shall reimburse the institution for all or a part of the cost of his maintenance or boarding out.
It is conceded by counsel for defendant that the interdict is incapable of supporting himself and that he is in need of food, clothing and lodging. The trial judge, after hearing all the evidence, estimated that the cost of maintaining the interdict would be an amount between $750 and $1,000 per year. Considering the cost of living at the present time, we feel that the sum of $1,-000 per year for the support and maintenance of said interdict is proper.
Attorney for plaintiff stipulated during the trial on behalf of his client that she would contribute one-half of the amount necessary to support the interdict, and was only asking defendant to contribute the other one-half of the amount to support said interdict.
The record reflected that the wife has an income of about $3,000 per year, of which $2,000 is income and she receives the sum of $77 per month as payment on alimony from a second husband from whom she is divorced, and that defendant has an income of about $5,000 per year, that he has re-married and has two minor children to support.
We believe that in view of the amount found by the trial judge as being necessary for the support of the interdict, the amount defendant should contribute to said support should be increased from the sum of $25 per month to the sum of $40 per month.
For the written reasons assigned, the judgment of the district court is amended so as to increase the award to plaintiff for the use and benefit of the interdict, Joseph E. Johnson, from the sum of $25 per month to the sum of $40 per month, and as amended, the judgment of the district court is affirmed. Defendant is to pay all costs of court.
Amended and affirmed.